# IN THE SUPREME COURT OF TEXAS

No. 18-0781

ELECTRIC RELIABILITY COUNCIL OF TEXAS, INC., PETITIONER

v.

PANDA POWER GENERATION INFRASTRUCTURE FUND, LLC, D/B/A PANDA
POWER FUNDS, ET AL., RESPONDENTS

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

~ *consolidated for oral argument with* ~

No. 18-0792

IN RE PANDA POWER INFRASTRUCTURE FUND, LLC, D/B/A PANDA POWER
FUNDS, ET AL., RELATORS

ON PETITION FOR WRIT OF MANDAMUS

JUSTICE BLACKLOCK, concurring.

According to the dissent, one of the reasons this Court should exercise jurisdiction over this case is because "the public wants to know" whether ERCOT is immune from suit. *Post* at ___. The dissent cites no legal authority for the idea that judges seeking to determine whether they

have jurisdiction to answer a legal question should consider whether "the public wants to know" the answer. None exists, at least none worth following.[1]

What "the public wants" in response to Texas's recent winter-weather difficulties is a question the executive and legislative branches of government will consider. The judiciary's job, by contrast, is to apply the law to the facts of the cases properly brought before it *without regard to public opinion*.[2] It should go without saying that public opinion has nothing to do with whether this Court has jurisdiction over this case or any other. Whether this case is moot—and therefore outside this Court's jurisdiction, beyond its constitutional power to decide—is a purely *legal* question. It is not a *political* question.

This Court identified the potential defect in its jurisdiction over this case several months before the winter storm. It received the parties' briefing on the jurisdictional question and deliberated over the matter prior to the winter storm. Whether this Court has jurisdiction to decide this appeal turns on how the parties decided to litigate their case years prior to the winter storm. It also depends on the meaning of the Texas Constitution, from which the law of mootness arises.[3] The meaning of the Constitution does not change with the weather.[4] All the facts and all the law relevant to determining our jurisdiction over this appeal were established long before the winter

---

[1] Courts at times recognize a rarely employed exception to mootness for issues "capable of repetition, yet evading review." *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Of course, the question of ERCOT's immunity will not "evad[e] review." *Lyons*, 461 U.S. at 109. Quite the opposite. The pending appeal from the final judgment *in this very case* presents the issue squarely. Furthermore, as the dissent acknowledges, recent events make it increasingly likely that questions about ERCOT's immunity will be properly presented for judicial decision in many future cases.

[2] I like to think the public wants a judge to decide cases based on the judge's understanding of the law, not based on what the judge thinks the public wants.

[3] *See State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (observing mootness is a constitutional, not a prudential, limitation on judicial power).

[4] *See Cox v. Robison*, 150 S.W. 1149, 1151 (Tex. 1912) ("The meaning of [the state] Constitution . . . [wa]s fixed when . . . adopted" and "is not different at any subsequent time when a court has occasion to pass upon it.")

storm.  The dissent offers no explanation for what has changed about the law or the facts of this case since the winter storm.

The Court is genuinely divided over how to answer the jurisdictional question.  Although I think the Court correctly answers the question, the dissents disagree in good faith about how mootness works.  This genuine disagreement arises from judges doing their best to apply the often-confounding law of mootness to the circumstances of this case.  It ought to have nothing to do with public opinion.[5]

* * *

The last year has been eventful, to say the least.  This is not the first time this Court has been asked by parties who have not properly invoked the Court's jurisdiction to answer a pressing legal question of great public interest.  *See In re Hotze*, No. 20-0739, 2020 WL 5919726, at *6 (Tex. Oct. 7, 2020) (Blacklock, J., concurring) ("The Court is refusing to use the current [coronavirus] crisis as an excuse to bypass the constitutional restrictions on its power.").  We declined to exceed our jurisdiction then, and we rightly decline again today.  When these questions are properly presented for this Court's decision in the future, we can decide them.  We should stick to deciding cases within our jurisdiction and leave considerations of public opinion to others.

 

_____
James D. Blacklock
Justice

**OPINION DELIVERED:** March 19, 2021

---

[5] "Independent judgment require[s] judges to decide cases in accordance with the law of the land, not in accordance with pressures placed upon them . . . from the political branches, the public, or other interested parties." *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 121–22 (2014) (Thomas, J., concurring).